VERMONT FARM MACH. Co. v. GIBSON.

(*Circuit Court, D. Vermont.* May 22, 1891.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—PROCESS FOR RAISING CREAM.
    Letters patent No. 187,516, issued February 30, 1877, to William Cooley for a "process of treating milk for raising cream by sealing with water and air the cover applied directly to the vessel containing the milk," was not anticipated by earlier patents for coolers for preserving milk by a similar process, since the latter process was not designed and never used for raising cream.

2. SAME—INFRINGEMENT.
    A purchase of a creamery from the patentee, with cans for raising cream by his process, gives the purchaser no right to practice the process by water-sealing other cans purchased from a different manufacturer.

In Equity.
*William Edgar Simonds,* for orator.
*G. G. Frelinghuysen,* for defendant.

WHEELER, J.   This suit is brought upon the first claim of patent No. 187,516, dated February 30, 1877, and granted to William Cooley for an improvement in obtaining cream from milk, which covers "the process of treating milk for raising cream by sealing with water and air the cover applied directly to the vessel containing the milk, substantially as set forth," and has now been heard upon a motion for a preliminary injunction.   This claim has been sustained by an elaborate opinion from Judge McCRARY, (*Boyd* v. *Cherry*, 4 McCrary, 70.)   Some patents said not to have been shown in that case have been produced here.   They are all for apparatus, and none for this process.   One, No. 59,993, dated November 27, 1866, and granted to William Garrard for a cooler for preserving, among other things, milk, describes sealing with water the cover applied directly to the vessel containing the milk.   That cream would rise from milk so held in this apparatus is said; and that therefore this patent shows this process is said.   But, if cream would be so raised, the patent does not show that this result was intended or understood, but rather the contrary, for the apparatus was for preserving milk, not for raising cream from it.   No use of this apparatus, and consequently no observation of any raising of cream by it, is shown.   This patent did not give this process to the public, and is not in any sense an anticipa-

tion.   Under the reasoning of Judge McCRARY, this, and the other patents now shown, would have fallen with those which were before him.

The defendant appears to have purchased from the orator a creamery, with four cans for raising cream by this process.   The Barden Cream Separator Company refitted it for him with six new cans of their make. These cans, as placed in this creamery, operated in raising cream by sealing with water the cover applied directly to the vessel containing the milk, although since then the water has been lowered, so as not to so operate.   The defendant insists that the purchase of the creamery from the orator brought with it the right to practice that process with the cans bought with it, and with any others, more or less in number, that might be put into it.   This process is practiced by water-sealing the cans, which might be done as well by placing them in water elsewhere as in water in the creamery.   The sale of the creamery without cans would have carried no right to practice the process; the sale of the cans without the creamery would carry the right to use them as fully as the vendor could, which would include the right to practice the patented process with them.   This right was carried by operation of law with the cans, and attached to them.   They could be repaired, and their identity and that right would remain.   When replaced by others, their identity was gone, and the right to use the process was gone with them.   *Wilson* v. *Simpson*, 9 How. 109; *Tie Co.* v. *Simmons*, 106 U. S. 89, 1 Sup. Ct. Rep. 52.   No right to use the process apart from the things sold follows from the sale merely of the things.   The Barden cans are not in themselves infringements of this claim, but their use by the defendant when water-sealed, as he has used them, appears to be an infringement, against which the orator appears to be entitled to an injunction.

The motion is granted as to further use of the process with any of the six cans.